IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-69,045-02




EX PARTE JOHN ALAN ADAMICK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 53651-B IN THE 264TH DISTRICT COURT
FROM BELL COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of
a child and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that he is actually innocent and that his lawyer was ineffective. His
allegations are based on recent DNA testing that exclude him has the donor of semen retrieved on
a vaginal swab taken from the complainant. He also bases his allegations on the complainant’s new
statements given to authorities after she was confronted with the DNA test results. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947 S.W.2d 202, 209-10
(Tex. Crim. App. 1996); Ex parte Tuley, 109 S.W.3d 388 (Tex. Crim. App. 2002). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
             The trial court recommended granting relief, concluding that parts of the complainant’s
initial statements were false and that the State’s “unintentional presentation of false evidence that
led to this charge and conviction” violated applicant’s due process rights. However, applicant did
not allege that the presentation of false statements or false evidence rendered his plea involuntary
or otherwise violated due process. The trial court did not address whether applicant has proven by
clear and convincing evidence that no reasonable juror would have convicted the applicant in light
of the new evidence. Ex parte Tuley, 109 S.W.3d 388, 390 (2002). The habeas record contains police
records showing that applicant’s cousin, Josh Maxwell, gave the police a statement that he and two
others witnessed applicant and the complainant having sex on the day in question. Additionally, the
complainant has never recanted her assertion that she and the applicant had sex. The trial court shall
hold a hearing and hear testimony from, at a minimum, Maxwell and the complainant. 
            The trial court shall make any necessary credibility findings and additional findings of fact
and conclusions of law under the correct standard of review for actual innocence cases involving
innocence claims arising from newly discovered evidence. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            It appears that applicant is represented by counsel. When the trial court holds a hearing, if
Applicant is indigent, is not represented by counsel, and wishes to be represented by counsel, the trial
court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 
            This application will be held in abeyance until the trial court has resolved the issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 15, 2010
Do not publish